IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-20035-01-KHV |
| KEITH R. WRIGHT, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On August 13, 2009, a jury found defendant guilty of possession with intent to distribute five grams or more of cocaine base, "crack," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 1) and unlawful use or carry of a firearm during and in relation to a drug trafficking crime or possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). This matter is before the Court on defendant's Motion For Judgment Of Acquittal/New Trial (Doc. #50) filed August 20, 2009. For reasons set forth below, defendant's motion is overruled.

**Standards For Motion For Judgment Of Acquittal**

In considering a motion for judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P., the Court cannot weigh the evidence or consider the credibility of witnesses. See Burks v. United States, 437 U.S. 1, 16 (1978). Rather, the Court must "view the evidence in the light most favorable to the government and then determine whether there is sufficient evidence from which a jury might properly find the accused guilty beyond a reasonable doubt." United States v. White, 673 F.2d 299, 301-02 (10th Cir. 1982). The jury may base its verdict on both direct and circumstantial evidence, together with all reasonable inferences that could be drawn therefrom, in the light most favorable to

the government.  See United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir. 1986).  Acquittal is proper only if the evidence implicating defendant is nonexistent or is "so meager that no reasonable jury could find guilt beyond a reasonable doubt."  White, 673 F.2d at 301.

## Standards For Motion For New Trial

Rule 33, Fed. R. Crim. P. , provides that a motion for a new trial may be granted "if required in the interest of justice." A motion for new trial under Rule 33 is not regarded with favor and is granted only with great caution.  See United States v. Custodio, 141 F.3d 965, 966 (10th Cir. 1998). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court.  See id.

## Facts

The evidence at trial may be briefly summarized as follows.

On February 18, 2009, Kansas City, Kansas Police Officers Jason Pittman and Scott Hammons attempted to stop a vehicle for a traffic infraction.  When the officers turned on the emergency lights, the driver did not pull over.  The officers pursued the vehicle, which became disabled after it struck a curb.  The officers saw defendant throw a plastic baggie out of the driver side window.  Two other people, later identified as Debroski Wright (Keith Wright's brother) and Larry Morris, got out of the vehicle.  Morris tried to flee but officers apprehended him at the rear of the vehicle.  Debroski Wright fled on foot and officers saw him throw down a loaded 9mm Ruger pistol.  Officers ultimately arrested all three occupants of the car.  Officers retrieved the baggie that defendant had thrown from the car.  The baggie contained many individually wrapped small packages of a substance which – based on the officers' knowledge of illegal drugs – looked like crack cocaine.  While booking Debroski Wright, deputies found a baggie in his sock containing

eight individually wrapped packages which also contained a substance which looked like crack cocaine.

Dr. Alan Colen, a chemist, testified that he weighed and tested samples of the substances in the baggie which defendant had thrown from the car and the baggie from Debroski Wright's sock. The samples contained crack cocaine. Dr. Colen testified that the bag which defendant threw from the car contained individually wrapped rocks which weighed about .2 grams each. He testified that the rocks in that bag weighed a total of 17.8 grams. Defendant did not offer any evidence of independent testing or testimony that Dr. Colen's procedure for testing was somehow improper.

Detective Patrick Greeno testified that the packaging and quantity of crack cocaine in the sock and in the baggie that defendant threw from the car was consistent with distribution. Detective Greeno indicated that individuals often distribute drugs in conjunction with others.[1] Detective Greeno also testified that individuals who distribute narcotics often carry and possess a firearm to protect themselves, the drugs or the proceeds from drug trafficking.

Defendant testified at trial. The Court will not set out his testimony at length, but concurs with the Government's assertion that a reasonable jury could find that "defendant's 'version' of events was not believable." See Government's Brief (Doc. #51) at 4-5. Defendant testified that on February 18, 2009, he had not possessed any crack cocaine or firearms.

## **Analysis**

Defendant argues that he is entitled to judgment of acquittal or a new trial on both counts because the evidence was insufficient for a reasonable jury to find him guilty.

---

[1] The individual packages in the baggie thrown from the car and the baggie in the sock were very similar.

-3-

I. <u>Possession With Intent To Distribute (Count I)</u>

Defendant challenges the sufficiency of the evidence that he possessed cocaine, that he possessed it with intent to distribute and that he possessed five grams or more of crack cocaine. To prove a charge of possession with intent to distribute, the government must show that (1) defendant possessed the controlled substance; (2) defendant knew that he possessed it; and (3) defendant possessed it with the intent to distribute it. <u>United States v. Pulido-Jacobo</u>, 377 F.3d 1124, 1131 (10th Cir. 2004); <u>United States v. Allen</u>, 235 F.3d 482, 492 (10th Cir. 2000).

Plaintiff first argues that the government did not produce sufficient evidence that he possessed the crack cocaine thrown from the vehicle. He notes that when police pursued the vehicle, they saw only two people in the car (defendant and Debroski Wright). The officers testified that they saw defendant discard the plastic baggie of crack out of the driver's side window. After the vehicle stopped, however, a third person, Larry Morris, attempted to flee and threw down over one hundred dollars in cash as he fled. Defendant argues that Morris, rather than defendant, may have thrown the crack out of the window. Defendant also notes that the government did not present any DNA or fingerprint evidence which linked defendant to the crack cocaine. As noted, the government produced evidence that officers saw defendant discard the plastic baggie with 17.8 grams of crack cocaine (packaged in .20 gram rocks) out of the driver's window. This is sufficient evidence that defendant possessed the crack cocaine.

Defendant next argues that there was insufficient evidence to prove that he intended to distribute the crack cocaine. He points to evidence that in just over one day, a single person could consume all of the crack cocaine which he possessed. Detective Greeno, however, testified that he

-4-

has never seen a consumer with the amount of crack cocaine which defendant possessed. This is sufficient evidence of an intent to distribute crack cocaine.

Finally, defendant argues that the government presented insufficient evidence that he possessed five or more grams of crack cocaine. He points out that Dr. Colen did not test every individual bag in the bag he threw from the car, and thus there is no way to know whether all of the substance in each of the individual bag was crack. Although the government must prove the quantity of drugs through specific evidence such as drug records, admissions or live testimony, sampling is a permissible method of proof. United States v. Tran, 519 F.3d 98, 106 (2d Cir. 2008); see United States v. Maceo, 873 F.2d 1, 6-7 (1st Cir. 1989) (evidence supported finding of drug quantity for sentencing purposes where chemist tested 16 of 227 identical vials, then extrapolated to determine total amount of crack cocaine); United States v. Brett, 872 F.2d 1365, 1372 (8th Cir. 1989) (upholding drug quantity finding for sentencing purposes based upon random sampling). The jury heard sufficient evidence to find that the individual baggies all contained crack cocaine and that the amount totaled over five grams.

II.     Possessing Firearm In Furtherance Of Drug Trafficking Crime (Count 2)

Defendant also seeks judgment of acquittal with respect to Count 2, which charged that he possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(C)(1)(A).[2] To establish a violation under this prong of Section 924(c)(1), the government must establish both that defendant "possessed" a firearm and that defendant did so "in furtherance of" a drug trafficking crime. United States v. Avery, 295 F.3d 1158, 1172 (10th Cir. 2002).

---

[2] The indictment also charged defendant with "use or carry," but the Government did not argue the alternative theories at trial.

-5-

In general, possession of contraband, whether it be drugs or a firearm, may be either "actual" or "constructive." Id. at 1177. The government did not present evidence that defendant had actual possession of the firearm in this case. The government presented a theory of constructive possession, which exists when a person "knowingly has ownership, dominion, or control over" the particular object. Id. (citations omitted). In most cases, constructive possession over an object "may be inferred if a defendant had exclusive possession of the premises" where the object is found, but constructive possession may also be found in joint occupancy cases where the government demonstrates "some connection or nexus between the defendant and the firearm or other contraband." Id. (citations omitted). In the joint occupancy context, the record must contain additional evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon or contraband. Id.; see United States v. Mills, 29 F.3d 545, 549-50 (10th Cir. 1994). Circumstantial evidence may establish constructive possession. United States v. Hishaw, 235 F.3d 565, 571 (10th Cir. 2000).

Here, Debroski Wright had physical possession of the firearm shortly before the arrest. Although defendant did not have actual possession of the firearm, the evidence supports a conclusion that defendant had physical possession of crack cocaine in a quantity which supports a finding that he intended to distribute it. Further, the government presented circumstantial evidence that Debroski Wright and defendant were jointly distributing crack cocaine. Detective Greeno testified that drug traffickers often carry and possess a firearm to protect themselves, their drugs or cash proceeds. Given the circumstances, the Court properly instructed the jury on constructive possession and joint possession. The Court also instructed the jury on the government's theory of aiding and abetting. Viewing the evidence at trial in the light most favorable to the government, a

reasonable jury could infer that defendant had knowledge of and access to the gun, or that he was guilty of Count II as an aider and abettor.

**Motion For New Trial**

Although defendant has moved for a new trial as an alternative to his motion for judgment of acquittal, he has not set forth any separate or independent grounds for a new trial. He relies only on his arguments in support of his motion for judgment of acquittal concerning the sufficiency of the evidence. The Court has rejected those arguments, however, and therefore also rejects defendant's request for a new trial.

**IT IS THEREFORE ORDERED** that defendant's Motion For Judgment Of Acquittal/New Trial (Doc. #50) filed August 20, 2009 be and hereby is **OVERRULED**.

Dated this 5th day of November, 2009 at Kansas City, Kansas.

                s/ Kathryn H. Vratil
                Kathryn H. Vratil
                United States District Court