**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | No. 09-20035-01-KHV |
| | ) | |
| KEITH WRIGHT, | ) | CIVIL ACTION |
| | ) | No. 12-2199-KHV |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #106) filed April 6, 2012. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

On March 18, 2009, a grand jury returned a two-count indictment which charged defendant and his brother, Debroski Wright, with possession with intent to distribute five grams or more of cocaine base (crack) and using and carrying a firearm during and in relation to a drug trafficking crime. On June 10, 2009, the government filed a notice of enhancement which noted that defendant had a prior drug conviction which would subject him to enhanced penalties under 21 U.S.C. § 851.

On August 10, 2009, the Court commenced a jury trial of defendant and Debroski. On August 11, 2009, Debroski pled guilty to two counts of a superseding information.[1] The jury trial continued as to defendant. On August 13, 2009, a jury found defendant guilty on both counts.

On November 10, 2009, the Court sentenced defendant to 180 months in prison (120 months on Count 1 and 60 months on Count 2 to run consecutively to Count 1). Defendant appealed his

---

[1] The charges in the <u>Superseding Information</u> (Doc. #42) were identical to the charges in the indictment except Count 1 did not specify a quantity of cocaine base (crack).

conviction. On January 25, 2011, the Tenth Circuit affirmed. See Order And Judgment (Doc. #105). Patrick E. D'Arcy represented defendant throughout the proceedings.[2]

On April 6, 2012, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that Mr. D'Arcy was ineffective because (1) he did not file a petition for writ of certiorari and (2) before the second day of trial, he did not pursue any plea negotiations or inform defendant about any plea offers.[3]

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance

---

[2] Michael L. Harris represented defendant at the initial stages of the proceedings (including the arraignment) until Mr. D'Arcy entered his appearance.

[3] In his affidavit attached to his reply brief, defendant attempts to bring a third claim that counsel was ineffective because on the second day of trial, he advised defendant to reject a plea offer and proceed with trial. For reasons stated below, the Court overrules defendant's third claim as untimely.

was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

**I.      Claim 1 - Failure To File A Petition For Writ Of Certiorari**

Defendant alleges that Mr. D'Arcy was ineffective because he did not file a petition for writ of certiorari. Defendant maintains that if his case had remained on appeal when the Fair Sentencing Act was enacted on August 3, 2010, he could have been sentenced under the new law. The Tenth Circuit has held that the FSA does not apply retroactively to defendants who were convicted and sentenced before August 3, 2010. See United States v. Cornelius, 696 F.3d 1307, 1328-29 (10th Cir. 2012). Courts have not created any exception for cases on direct review as of August 3, 2010. See id. (rejecting retroactive claim on direct appeal). Accordingly, defendant has not alleged sufficient facts to show that counsel's failure to file a petition for writ of certiorari was deficient or prejudicial. The Court therefore overrules defendant's first claim for relief.

**II.     Claim 2 - Failure To Pursue Plea Negotiations Before Trial**

Defendant argues that Mr. D'Arcy was ineffective because before the second day of trial, he did not pursue any plea negotiations or inform defendant about any plea offers. Defendant has not alleged sufficient facts to establish that counsel's alleged performance was prejudicial, i.e. that he would have accepted a plea before trial. See United States v. Allen, No. 12-8046, 2012 WL

4458394, at *1 (10th Cir. Sept. 27, 2012) (no prejudice based on assertion that if counsel had properly advised her on plea and trial, she "may have changed her mind"); Atkinson v. Schmidt, 486 Fed. Appx. 713, 715-16 (10th Cir. 2012) (no prejudice from advice to reject plea because defendant maintained innocence before, during and after trial); see also Sanders v. United States, 341 F.3d 720, 723 (8th Cir. 2003) (defendant who maintains innocence at all stages of prosecution and shows no indication that he would be willing to admit guilt undermines later Section 2255 claim that he would have pleaded guilty if only he had received better advice). At trial, defendant testified that he did not know anything about the drugs that officers recovered or the firearm in his car. Jury Trial - Testimony Of Keith Wright (Doc. #97) filed March 17, 2010 at 9, 18-20. Moreover, on the second day of trial, defendant rejected a plea agreement which suggested a sentence of 11 years in prison. See Affidavit Of Keith Wright ¶ IV, attached to Petitioner's Reply To Government's Response To Petitioner's 28 U.S.C. § 2255 Motion (Doc. #111). Defendant states that in general, a criminal defendant may have many reasons for refusing a plea offer after a jury trial has started, but he does not specifically explain why he rejected the 11-year offer in light of his alleged "clear[] desire[] to plead guilty." Petitioner's Reply To Government's Response To Petitioner's 28 U.S.C. § 2255 Motion (Doc. #111) at 7.[4] Defendant has not alleged or shown that if counsel had pursued plea

---

[4] For example, defendant states that "a criminal defendant in that position would have already been deemed to have lost any chance for a 3 point acceptance of responsibility downward departure of his ultimate sentence under U.S.S.G. § 3E1.1." Petitioner's Reply To Government's Response To Petitioner's 28 U.S.C. § 2255 Motion (Doc. #111) at 8. Defendant does not state, however, that he rejected the proposed 11-year sentence for this reason. Despite the fact that defendant would not have received a reduction for acceptance of responsibility had he pled guilty on the second day of trial, the proposed plea agreement which suggested a sentence of 11 years in prison was significantly less than the guideline sentence of 15 years in prison. See Presentence Investigation Report (Doc. #59) filed November 3, 2009 ¶ 57. Moreover, while defendant's brother Debroski did not receive any reduction for acceptance of responsibility based on his plea of guilty
(continued...)

negotiations before the second day of trial, he would have received a better deal than 11 years, that he would have been willing to accept such a deal or that the Court would have approved such an agreement. In these circumstances, defendant cannot establish that counsel's alleged failure to pursue plea negotiations before trial was prejudicial. The Court therefore overrules defendant's second claim for relief.

**III.     Proposed Claim 3 - Incorrect Advice To Reject Plea Agreement**

In his affidavit attached to his reply brief, defendant suggests that counsel was ineffective because on the second day of trial, he advised defendant to reject the plea deal and proceed with trial. See Affidavit Of Keith Wright ¶ IV, attached to Petitioner's Reply To Government's Response To Petitioner's 28 U.S.C. § 2255 Motion (Doc. #111). Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255. When a defendant has filed an appeal, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's ruling. Clay v. United States, 537 U.S. 522, 524-25 (2003). Here, the Tenth Circuit issued its mandate on January 25, 2011. See Order And Judgment (Doc. #105). The deadline to file a petition for certiorari expired on or about April 4, 2011, i.e. 69 days after the appellate court issued its mandate. See id. Therefore defendant had until April 4, 2012 to file a motion to vacate under Section 2255. Defendant filed his reply brief on August 20, 2012. Because defendant filed his reply brief more than four months after the one-year deadline, the Court considers whether it should grant defendant

---

⁴(...continued)
on the second day of trial, he pled guilty under Rule 11(c)(1)(C) and received a sentence of 75 months in prison, which was also 48 months less than the high end of his guideline range of 111 to 123 months in prison. See Presentence Investigation Report [Of Debroski Wright] (Doc. #60) filed November 3, 2009 ¶ 45.

leave to amend his Section 2255 motion to assert a claim related to counsel's advice about the proposed plea agreement.

Rule 15, Fed. R. Civ. P., governs a motion to amend a Section 2255 petition if it is made before the one-year limitation period for filing a Section 2255 petition has expired. United States v. Ohiri, 133 Fed. Appx. 555, 559 (10th Cir. 2005). An untimely amendment to a Section 2255 motion which clarifies or amplifies a claim or theory in the original motion by way of additional facts may, in the district court's discretion, relate back to the date of the original motion if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000).

The Tenth Circuit has explained that the restriction on amendment of a Section 2255 petition is to prevent a defendant from undermining the one-year limitations period by alleging new claims of error after the expiration of the limitations period. See id. Here, the Court denies defendant leave to amend because he seeks to insert a new theory which he did not raise in his original motion.[5] See id. (rejecting new claims of ineffective assistance filed two months after deadline in 28 U.S.C. § 2255). The Court also denies leave to amend because the proposed amendment lacks substantive merit.[6]

---

[5] Defendant's original motion asserted that counsel was ineffective because he did not enter into plea negotiations "prior to trial," Doc. #106 at 6, that he breached his duty to look into the possibility of a plea bargain "before the case ever came to trial," id., and that his performance was "deficient because he never inquired or divulged any conversation with movant about a possible plea deal until after the 2nd day of trial," id. at 7. Defendant's original motion did not allege deficient performance related to counsel's advice about whether to accept the plea offer.

[6] Defendant has not alleged sufficient facts to establish that counsel's alleged
(continued...)

**Conclusion**

In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346. The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[7] To satisfy this standard, the movant must demonstrate

---

[6](...continued)
performance was prejudicial. Defendant's claim appears to be a simple case of buyer's remorse. The Court notes that defendant's brother Debroski, who accepted a plea agreement on the second day of trial, also had buyer's remorse and attempted to withdraw his plea before sentencing. See Motion To Withdraw Plea Of Guilty (Doc. #52) filed October 7, 2009; Letter (Doc. #64) filed November 10, 2009.

[7] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #106) filed April 6, 2012 be and hereby is **OVERRULED**. A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 7th day of February, 2013, at Kansas City, Kansas.

                                      s/ Kathryn H. Vratil
                                      KATHRYN H. VRATIL
                                      United States District Judge