IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 09-20035-01-KHV |
| KEITH WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On November 10, 2009, the Court sentenced defendant to 120 months in prison. The Tenth Circuit affirmed. See Order And Judgment (Doc. #105) filed January 25, 2011. On February 7, 2013, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #112). This matter is before the Court on defendant's Request To Reopen The Judgment Due To Petitioner's Factual And Legal Innocence Of Using And Carrying A Firearm During And In Relation To A Drug Trafficking Crime (Doc. #114) filed September 2, 2014. For reasons stated below, the Court dismisses defendant's motion.

## Analysis

After defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for challenging his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that a prisoner is precluded from filing a time-barred or second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or ineffective. United States v. Montano, 442 F. App'x 412, 413 (10th Cir. 2011); Bradshaw, 86 F.3d at 166; see Patel v. Morris, 37 F. App'x 428, 430-31 (10th Cir. 2002) (allowing claims under Section 2241 that would be barred under Section 2255 because remedy "inadequate or ineffective"

would allow prisoners to avoid stringent gatekeeping requirements under Section 2255; such procedure contrary to statute and Congressional intent to restrict successive petitions to extremely limited situations). Defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002); see also In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (senseless to suppose Congress permitted prisoners to pass through closed door of Sections 2241 and 2255 by way of All Writs Act simply by changing title of motions).

In its discretion, the Court construes defendant's present motion as a second or successive petition under 28 U.S.C. § 2255.[1] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith

---

[1] Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is untimely, however, defendant is not prejudiced by lack of such notice. See Torres, 282 F.3d at 1245-46.

or if, on the other hand, it was clear at the time of filing that the court lacked jurisdiction. Id. at 1223 n.16.

Because it appears that defendant's motion is without merit, the Court overrules the motion rather than transferring it to the Tenth Circuit Court of Appeals. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or successive motion under Section 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Defendant does not assert newly discovered evidence. The Court therefore evaluates his motion under the second prong of Section 2255(h). Defendant argues that he is entitled to relief under Rosemond v. United States, 134 S. Ct. 1240 (2014), which addresses the elements of aiding and abetting another to use or carry a firearm under 18 U.S.C. § 924(c). See United States v. Davis, 750 F.3d 1186, 1193 (10th Cir. 2014) (after Rosemond, jury instruction on aiding and abetting should address defendant's advance knowledge of gun). Defendant cannot maintain a second Section 2255 motion based on Rosemond, however, because the Supreme Court has not determined that it is retroactive to cases on collateral review. 28 U.S.C. § 2255(h)(2); see Minaya v. United States, 41 F. Supp.3d 343, 345 (S.D.N.Y. 2014) (Supreme Court did not indicate that Rosemond

applies retroactively on collateral review).  Accordingly, the Court declines to transfer the present motion to the Tenth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED** that defendant's Request To Reopen The Judgment Due To Petitioner's Factual And Legal Innocence Of Using And Carrying A Firearm During And In Relation To A Drug Trafficking Crime (Doc. #114) filed September 2, 2014, which the Court construes as a second or successive petition under 28 U.S.C. § 2255, be and hereby is **DISMISSED for lack of jurisdiction**.

Dated this 27th day of April, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge